**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION** MDL No. 2670

# TRANSFER ORDER

**Before the Panel:*** Plaintiff in the actions listed on Schedule A moves under Panel Rule 7.1 to vacate our orders conditionally transferring the actions to MDL No. 2670. Defendants Bumble Bee Foods, LLC, Tri-Union Seafoods LLC, and Starkist Co. oppose the motions.

After considering all arguments, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2670, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2670 arise out of an alleged conspiracy by defendants—the three largest producers of packaged seafood products in the U.S.—to fix prices of packaged seafood products. *See In re: Packaged Seafood Prods. Antitrust Litig.*, 148 F. Supp. 3d 1375 (J.P.M.L. 2015).

Plaintiff argues that his actions are different because (1) they do not allege defendants under-filled their cans of tuna, (2) they do not contain antitrust claims, and (3) plaintiff is an indirect purchaser. But plaintiff appears to misunderstand the nature of the claims pending in MDL No. 2670. There are no actions in MDL No. 2670 that allege the under-filling of tuna cans. Rather, like the *Reo* actions, plaintiffs allege that defendants engaged in a conspiracy to fix the price of canned tuna, which had the effect of increasing its price. While plaintiff does not bring antitrust claims, the factual allegations are similar to those raised in the MDL No. 2670 actions, and the MDL No. 2670 plaintiffs also assert consumer protection claims. Moreover, Section 1407 transfer "does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of . . . differing legal theories is not significant where, as here, the actions still arise from a common factual core." *In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). There exists a class of indirect purchaser plaintiffs, like Mr. Reo, in MDL No. 2670 and, therefore, plaintiff is not unique in that respect.

Plaintiff also argues that defendants improperly removed these actions from state court, and motions for remand are pending. But jurisdictional issues do not present an impediment to transfer,

---

* Judge Charles R. Breyer and Judge Lewis A. Kaplan took no part in the decision of this matter.

as plaintiff can present these arguments to the transferee judge.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Janis L. Sammartino for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Marjorie O. Rendell
R. David Proctor

Ellen Segal Huvelle
Catherine D. Perry

[2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

**IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION** MDL No. 2670

**SCHEDULE A**

Northern District of Ohio

REO v. BUMBLE BEE FOODS, LLC, C.A. No. 1:18-01415
REO v. CHICKEN OF THE SEA INTERNATIONAL, C.A. No. 1:18-01477
REO v. STARKIST CO., C.A. No. 1:18-01518